## Johnston v. Johnston.

(Decided May 7, 1918.)

### Appeal from Washington Circuit Court.

Divorce—Alimony—Amount of Alimony to be Awarded—Evidence.—In considering what alimony should be awarded where a divorce from the bonds of matrimony is granted to the wife on the grounds of cruel treatment, the court may consider the ill treatment of the wife in determining the amount that should be allowed.

JOHN A. POLIN, W. C. McCHORD and NAT W. HALSTEAD for appellant.

W. F. GRIGSBY and J. W. S. CLEMENTS for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Reversing.

This divorce suit was brought by the appellant against the appellee to obtain a divorce from the bonds of matrimony and alimony and maintenance for herself and their children that she prayed to be awarded the custody of. The ground of divorce was the alleged cruel and inhuman conduct of the appellee. After the case had been prepared for trial it was submitted and there was a judgment granting the appellant a divorce from the bonds of matrimony. She was allowed $200.00 as alimony, an attorney fee of $100.00 and $200.00 per year as

maintenance for her four infant children, ranging in age from 7 years to 17 months. The court also gave the custody of the children to the appellant, but prescribed when and how often the appellee should have an opportunity to see them and the place to which they should be taken for this purpose. The court further retained the case on the docket for the purpose of making such changes in the maintenance allowed, and the custody of the children, as conditions from time to time seem to render proper.

From so much of the judgment as allowed the appellant only $200.00 as alimony and $200.00 a year for the maintenance of the children this appeal is prosecuted by her.

We are not concerned, on this appeal, with the judgment of divorce as we have no control over this issue, which was finally and correctly determined by the lower court. It is, however, proper to say, on account of its weighty influence on the amount of alimony and maintenance that should be awarded, that the appellee, persistently, and for several years, treated his wife and little children in a most outrageous manner, and it is somewhat surprising that the appellant lived with him as long as she did.

The appellant has no property of moment or income; her father owns a little farm, but being the father of ten children cannot give the appellant or her children very much assistance. The appellee is 37 years old, owns a farm and other property worth about $4,500.00 and his indebtedness is trifling.

In view of the mistreatment of appellant by the appellee, and her dependent condition, we think the allowance of alimony was inadequate and that the appellee should pay as alimony $1,000.00 in five equal annual installments. So far as the record shows, he is an industrious able-bodied man and with a farm of 134 acres ought to be able to make, over expenses, several hundred dollars each year, and the alimony mentioned will not be a heavier burden that he should bear under the circumstances. The amount allowed for the maintenance of the children is small, but the lower court has control over this and can adjust it to suit changing conditions and necessities.

We are also of the opinion that the order of the court requiring the appellant to deliver, at the intervals set

forth in the judgment, the children to the appellee should be so modified as to require him to send for the children in place of requiring the mother to send them to him.

Wherefore, the judgment is reversed with instructions to enter a judgment in conformity with this opinion.