Sullivan,
Dec. 1, 1931.

CALLA B. PAYETTE *v.* JOSEPH A. PAYETTE.

*P. J. Keniry* (of New York) and *Barton & Shulins*, for the libelant.

*Francis W. Johnston*, for the libelee.

MARBLE, J.   The superior court has authority, where a divorce is decreed, to order the husband to pay to his wife such sum of money as may be deemed just (P. L., *c.* 287, *s.* 16), to make such further decree in relation to the maintenance, education and custody of the children as shall be most conducive to their benefit, and to order a reasonable provision for the support of the children to be made by the guilty party, or out of his estate (P. L., *c.* 287, *s.* 15).

The husband was the guilty party upon the record in the present case, and no question is raised as to the validity of the original order. Neither does the libelee claim that the circumstance of his remarriage demands a modification of the decree as a matter of law. See 30 A. L. R. 79; 19 C. J. 276.

His first contention is that since the libelant can now live comfortably on her own earnings, if only her personal needs are considered, the refusal of the court to vacate the order so far as the support of the libelant herself is concerned constitutes an abuse of discretion. The required payment of $80 a month was for the joint support of the libelant and her son, and on the reported facts it does not clearly appear that this is no longer a just or reasonable provision for that purpose.

The libelee also contends that he cannot lawfully be required to contribute to the maintenance of his son, who is able to support himself, or be compelled to assist in furnishing him a college education. "The award of an allowance in divorce proceedings for the support of a child is very much within the discretion of the trial court, the same as an order for alimony," and such an award "will not be set aside or modified unless upon the evidence it clearly appears that there has been an abuse of judicial discretion." *Kennard* v. *Kennard*, 81 N. H. 509, 514.

While there are decisions under the statutes of other jurisdictions which hold that a parent in divorce proceedings cannot be required to furnish support to a minor child who is attending college, the cases which reach a contrary conclusion appear to be more in accord with the liberal view which prevails in this state. The authorities on the subject are collected in 18 A. L. R. 899 and 47 A. L. R. 118.

In *Esteb* v. *Esteb*, 138 Wash. 174, 182, it is held that since the question is a relative one, it should be determined from all the facts and circumstances of the case. "Nor," it is said, "should the court be restricted to the station of the minor in society, but should, in determining this fact, take into consideration the progress of society, and the attendant requirements upon the citizens of today."

*Exception overruled.*

All concurred.