Hillsborough
No. 81-342
No. 81-354

LENA E. MERRIFIELD

v.

WARREN H. MERRIFIELD

April 27, 1982

*Kozlowski & Gauthier,* of Nashua (*Robert M. Parodi* on the brief and orally), for the plaintiff.

*Leonard, Prolman & Leonard,* of Nashua (*Thomas J. Leonard, III,* on the brief and orally), for the defendant.

BOIS, J.    These are cross-appeals challenging a marital decree which the Superior Court (*Dalianis,* J.) entered after approving a Master's (*Henry P. Sullivan,* Esq.) recommendations. We affirm.

The original divorce decree, issued by *Pappagianis,* J., on May 9, 1980, contained in pertinent part the following orders:

> "The defendant [Warren H. Merrifield] shall pay the sum of forty-two dollars weekly for the support of the minor child.
>
> The plaintiff [Lena E. Merrifield] shall have the use and occupancy of the family home. Upon the minor child graduating from High School or if the plaintiff moves from said premises, remarries or has an unrelated male living on said premises whichever event occurs first the real estate shall be sold and after payment of the outstanding encumbrances less the real estate mortgage as of April 1, 1980 and joint obligations of the parties, the balance remaining shall be divided equally between the plaintiff and the defendant.
>
> If and when the minor son of said parties is accepted at an institution of higher learning, the matter of contributing toward the college education of the minor child may be considered by the court upon the filing of an appropriate petition by the plaintiff."

An avalanche of petitions, cross-petitions, motions and cross-motions were subsequently filed by both parties. We will discuss only those petitions and motions which are pertinent to the issues on appeal.

The minor son, Kenneth, reached the age of majority in 1981,

and after his graduation from high school was accepted for college admission. In March 1981, the defendant filed a motion seeking to compel the immediate sale of the house. The plaintiff countered with a cross-petition to stay the sale, and with a motion to hold the defendant in contempt for failing to pay the court-ordered child support. In addition, the plaintiff sought a decree ordering the defendant to provide child support while Kenneth attended college. The plaintiff subsequently brought forward a motion for clarification regarding her right to receive credits at the time of the division of the real estate proceeds, for her payments of mortgage principal and interest after April 1, 1980.

A hearing was held in May of 1981. The master recommended and the court decreed that the sale of the real estate be stayed until May 1, 1982, at which time the order and decree of May 9, 1980, would take effect as it related to the disposition of the real estate. It was also ordered that there would be no further stays of the sale. The plaintiff's motion for continued child support was denied, as was the motion for clarification. The court indicated, however, that the plaintiff would receive credits for her payments of mortgage principal and interest.

The plaintiff argues that the court abused its discretion and erred as a matter of law in staying the sale for no more than one year. The defendant, on the other hand, alleges that the court abused its discretion when it allowed the plaintiff and the adult child to continue living in the jointly owned residence for an additional year. He claims that the economic benefit does not flow to the parties' child but rather to the plaintiff.

■■ Both parties agree that a decree regarding the occupancy of a homestead is a continuing order which is of a different nature than a property settlement and, as such, remains subject to modification. *Twardosky v. Twardosky*, 113 N.H. 438, 439, 309 A.2d 217, 217 (1973). We have held that marital orders are left to the sound discretion of the court, and we will not disturb them absent a showing of an abuse of that discretion. *Heinze v. Heinze*, 122 N.H. 358, 360, 444 A.2d 559, 561 (1982); *Hanson v. Hanson*, 121 N.H. 719, 720, 433 A.2d 1310, 1311 (1981); *Symmes v. Symmes*, 118 N.H. 488, 490, 387 A.2d 1181, 1182 (1978). We find no abuse in this case.

■ The plaintiff further claims an error of law and an abuse of discretion in the court's refusing to order support while the son is in college. We have held that the decision to order a parent to help finance the education of his self-supporting minor child is a relative one which depends upon the facts and circumstances of each

case. *Payette v. Payette,* 85 N.H. 297, 298, 157 A. 531, 531–32 (1931); *see French v. French,* 117 N.H. 696, 699–700, 378 A.2d 1127, 1129 (1977). Under the circumstances herein we find no abuse of discretion.

Finally, the defendant claims that the court abused it discretion when it permitted the plaintiff to receive credits for her payments of mortgage principal and interest after April 1, 1980. He argues that the allowance of such credits "results in derogation of the defendant's equity and is therefore an unlawful and unreasonable modification of the property settlement." After reviewing the record, we conclude that the court's original decree of May 9, 1980, although inartfully drafted, provided the plaintiff with credits for all her subsequent payments of principal as well as interest. Although the allowance of credits could have produced some reduction in the defendant's equity, the decree itself was not subsequently modified. Furthermore, the record fails to demonstrate that the allowance of such credits constituted an abuse of discretion. *See generally Heinze v. Heinze,* 122 N.H. at 444 A.2d at 561–62; *Hanson v. Hanson,* 121 N.H. at 720, 433 A.2d at 1311.

*Affirmed.*

All concurred.