JOSEPH A. NICOLAZZI

v.

RUTH A. NICOLAZZI

June 13, 1989

*Joseph A. Nicolazzi,* by brief and orally, *pro se.*

*Holland, Donovan, Beckett, Welch & Hermans P.A.,* of Exeter (*C. Joseph Gould* on the brief and orally), for the defendant.

JOHNSON, J.   The defendant in this divorce case, Ruth Nicolazzi, appeals disposition of her motion to recover additional alimony and support payments. In that motion, she asked the trial court to order her husband, plaintiff Joseph Nicolazzi, to pay her an arrearage of $26,662.81, plus interest, representing the difference between the alimony and child support payments he made during the pendency

of prior appeals in this case, pursuant to the temporary stipulation, and the higher permanent payments specified in the final divorce decree. The Superior Court (*Gray*, J.) approved the Master's (*Larry B. Pletcher*, Esq.) report recommending denial of the requested relief. For reasons that follow, we affirm.

The facts relevant to this appeal are undisputed. Mr. Nicolazzi filed a libel for divorce on July 20, 1983, and Mrs. Nicolazzi filed a cross-libel. The superior court subsequently approved a temporary stipulation, to which both parties agreed, requiring Mr. Nicolazzi to pay his wife $2,100 per month for her support and that of their minor child.

On August 20, 1985, the Superior Court (*O'Neil*, J.) approved the Master's (*Lynn D. Morse*, Esq.) report awarding Mrs. Nicolazzi a final decree of divorce and ordering Mr. Nicolazzi to pay her $1,650 in alimony and child support every two weeks. On the master's recommendation, the superior court later amended the final decree to instead require payments on the first and fifteenth days of each month and denied Mrs. Nicolazzi's motion requesting that final alimony and support provisions become immediately effective. It also approved the master's recommendation that the temporary decree remain in effect should either party pursue an appeal.

Mr. Nicolazzi filed a timely appeal with this court on October 28, 1985, which we accepted on February 10, 1986. After Mr. Nicolazzi's filing, but before acceptance of the appeal, Mrs. Nicolazzi again moved to have alimony and child support payments raised to final decree levels during the appeal period. The superior court denied this renewed motion on the master's recommendation as well. The entire appeal period, which included a hearing on remand and a second, but untimely, appeal by Mr. Nicolazzi, ended on October 15, 1987, when we denied Mr. Nicolazzi's motion to reconsider dismissal of the second untimely appeal. Since that time, Mr. Nicolazzi has made alimony and child support payments consistent with the final divorce decree.

On March 24, 1988, Mrs. Nicolazzi filed the motion at issue, requesting the difference between the amounts she actually received during the appeal period and those she would have received if the final award had been in effect. The superior court approved the master's report, which recommended denial of this motion stating: "Master finds no arrearage. The prior master has specifically ruled on this issue on two occasions." This appeal followed.

Mrs. Nicolazzi urges us to rule, as a matter of law, that the obligor spouse in a divorce action must pay the obligee spouse the alimony and child support ordered in the final divorce decree from the date of that decree, rather than from the date on which any appeal is concluded, when: (1) the obligor spouse initiates the appeal; and (2) the appellate court affirms the alimony and support obligations ordered in the final decree. This rule, she argues, would not deprive the trial court of its discretion in setting the amount of such payments during appeal, because the obligor would pay any amounts owing only on conclusion of the appeal, as an arrearage. She contends that this rule would both allow the trial court to take account of the parties' circumstances during appeal and discourage the obligor spouse from taking an appeal in order simply to decrease his payments for the length of the appeal period, whenever final alimony and support exceeds temporary.

We explicitly acknowledge the trial court's discretion in setting the levels of alimony and child support to be paid during appeal, *Rollins v. Rollins*, 122 N.H. 6, 9–10, 440 A.2d 438, 440–41 (1982), and similarly grant that court broad discretion in awarding and modifying alimony and child support generally, *see, e.g.*, *Richelson v. Richelson*, 130 N.H. 137, 146, 536 A.2d 176, 182 (1987) (child support modification); *Bisig v. Bisig*, 124 N.H. 372, 375–76, 469 A.2d 1348, 1350 (1983) (alimony modification); *Marsh v. Marsh*, 123 N.H. 448, 451, 462 A.2d 126, 128 (1983) (alimony award); *Kennard v. Kennard*, 81 N.H. 509, 514, 129 A. 725, 728–29 (1925) (alimony and child support). Recognizing that it is in the best position to determine the parties' respective needs and resources both before and after the final decree and during the pendency of any appeal, we disturb the trial court's alimony and support awards on appeal only where there is a clear abuse of discretion. *See, e.g.*, *Marsh supra; Kennard supra.*

Alimony and child support, then, differ from the typical lump sum award, which the obligee in a suit for monetary payment may usually recover in full, *see* R. WIEBUSCH, 5 NEW HAMPSHIRE PRACTICE, CIVIL PRACTICE AND PROCEDURE § 1857, at 383 (entry of judgment delayed until Supreme Court disposes of case), with interest, R. WIEBUSCH, *supra* § 1691 fn. 4, at 340–41, following the obligor's unsuccessful appeal. Unlike the recovery granted on a contract, for example, an award of alimony and child support takes into account all the circumstances in which both the obligor and obligee spouse find themselves, *see, e.g.*, *Economides v. Economides*, 116 N.H. 191, 194, 357 A.2d 871, 873 (1976), and is subject to

modification on the motion of either party, if those circumstances change, *see, e.g., Bisig supra; Richelson supra.*

In this case, the trial court explicitly provided that alimony and support payments would remain at temporary levels in the event of appeal by either party and denied Mrs. Nicolazzi's renewed motion for a contrary decision. Thus the court spoke clearly as to the amounts to be paid during appeal and gave no indication that any amount would remain owing. Under the circumstances, it appears that the court did not intend Mr. Nicolazzi to make payments pursuant to its decree until final disposition of the case, in essence taking into account the circumstances in which the parties might find themselves during an appeal.

The trial court was in the best position to make this decision, as it was intimately familiar with the parties' circumstances. Moreover, although Mrs. Nicolazzi does not challenge the court's exercise of its discretion, there appears to be ample support in the record for its order. The trial court awarded Mrs. Nicolazzi the majority of the parties' assets and could certainly have found that, if an appeal were taken, the temporary alimony and support payments should remain in effect in order to insure both parties sufficient funds to pursue this litigation and maintain an acceptable standard of living.

It would be contrary to the broad discretion we grant the trial court in matters of alimony and child support to adopt the rule Mrs. Nicolazzi suggests, because it would deprive the court of the ability to take the special circumstances in which the parties may find themselves during appeal into account. Furthermore, no ill consequences will result from our refusal to adopt this rule. The trial court can certainly evaluate the adequacy of the temporary award to support the obligee spouse and dependent children during appeal, and our courts have adequate means of insuring that the appellee does not suffer a loss due to a frivolous appeal by the opposing party, *see, e.g., Wright v. Wright,* 119 N.H. 102, 104, 398 A.2d 837, 838 (1979).

*Affirmed.*

All concurred.