Strafford
No. 90-106

## MARLENE GNIRK

### v.

## PAUL E. GNIRK

April 26, 1991

*Patricia C. Hassinger*, of Newmarket, by brief and orally, for the plaintiff.

*Stephen A. White* and *Kevin P. Landry*, of Dover (*Mr. White* on the brief, and *Mr. Landry* orally), for the defendant.

HORTON, J.   The defendant appeals the decision of the Superior Court (*Mohl*, J.) approving the recommendation of the Marital Master (*Pamela D. Eldredge*, Esq.) and granting the plaintiff's petition for modification of an existing support order. The issues presented are (1) whether the trial court erred in finding a substantial change in circumstances warranting the modification; and (2) whether such a modification can include an order requiring a divorced parent to pay

a portion of the college expenses of an adult child, where the parties had previously entered into a stipulation which did not provide for such expenses. For the reasons which follow, we affirm the court's decision.

The parties, both of whom now reside in New Hampshire, were divorced by decree of the York County District Court in Maine on December 29, 1986. Pursuant to this decree, the plaintiff, Marlene Gnirk, was granted custody of two of the parties' three minor children, and the defendant, Paul Gnirk, was granted custody of the remaining minor child, a son. With the advice of counsel, the parties entered into a stipulation in which the defendant undertook to pay a share of the children's uninsured medical expenses and to make support payments of $50 per week for each child in the custody of the plaintiff until the particular child reached the age of eighteen or became emancipated. The court-approved stipulation stated that it contained "the entire understanding of the parties and [that there were no other] representations, warranties, covenants or undertakings. . . ." The stipulation was silent on the subject of contribution toward college expenses, the plaintiff's original attorney having advised her not to be concerned about the issue at that time. Shortly after the divorce, the minor child originally entrusted to the custody of the defendant went to live with the plaintiff, and he has remained in her home. The oldest child, the couple's only daughter, turned eighteen on May 2, 1989, and presently attends the University of New Hampshire as a day student.

On November 17, 1989, the plaintiff filed a *pro se* petition for modification of the Maine decree in the superior court. She alleged that the minor child originally entrusted to his father's custody now lived with her, that the daughter was attending college and could not provide for her own expenses, and that the plaintiff's expenses, particularly medical expenses, exceeded the child support payments from the defendant. A hearing was held before a marital master on February 7, 1990. In accordance with the master's recommendations, the trial court granted the petition and ordered that the defendant pay $150 per week as child support and contribute one-half of the college expenses for the daughter attending the University of New Hampshire. On appeal, the defendant argues that the trial court abused its discretion in granting any relief and in granting relief by increasing his financial responsibilities.

In reviewing a support order modification, we will not disturb the decision of the trial court unless we determine that the court

clearly abused its discretion. *Nicolazzi v. Nicolazzi*, 131 N.H. 694, 696, 559 A.2d 1335, 1337 (1989). As an additional restraint on our review, we note that in presenting this appeal the defendant has chosen not to submit a full record of the proceedings below. Thus, if the granting of the petition for modification in this case did not constitute legal error apparent on the limited record available to us, we must assume that the subsequent decisions to increase child support by $50 per week and to require a 50% contribution to college expenses have bases in the evidence presented at the February 7, 1990 hearing. *See Dombrowski v. Dombrowski*, 131 N.H. 654, 663, 559 A.2d 828, 833 (1989); *Cote v. Cote*, 123 N.H. 376, 377–78, 461 A.2d 566, 567 (1983); *Adams v. Adams*, 117 N.H. 43, 44, 369 A.2d 196, 197 (1977); *Sandberg v. Sandberg*, 81 N.H. 317, 317, 125 A. 259, 259 (1924).

■ The defendant first asserts that the decision raising his weekly child support payment was in error because no substantial change in circumstances was alleged in the petition for modification and because no change in circumstances had occurred in fact. A modification should not be granted in the absence of evidence of a substantial change in circumstances of the parties arising since the grant of the initial award, "making the current support amount either improper or unfair." *Morrill v. Millard (Morrill)*, 132 N.H. 685, 689–90, 570 A.2d 387, 390 (1990); *accord Noddin v. Noddin*, 123 N.H. 73, 76, 455 A.2d 1051, 1053 (1983); *Fortuna v. Fortuna*, 103 N.H. 547, 548, 176 A.2d 708, 709 (1961). The plaintiff did, however, specifically allege a change in circumstances by stating in her *pro se* petition that her oldest child was attending the University of New Hampshire and that both of the two minor children, one of whom had been initially placed in the custody of the defendant, were now living with her. Clearly, she was asserting that these two events were changes in circumstances entitling her to a modification. It then became the task of the trial court to determine whether a substantial change had occurred and make an evaluation of the needs of the parties and their respective abilities to meet those needs. *Morrill*, 132 N.H. at 688, 570 A.2d at 389 (citing *Butterick v. Butterick*, 127 N.H. 731, 736, 506 A.2d 335, 338 (1986)).

■ The defendant attempts to use the coincidental passage of the oldest child from minority to legal adulthood as an offset for the change which occurred when the minor child originally entrusted to him chose to live with the plaintiff. The defendant argues that there has been no net change: at the time of the divorce in 1986, the plain-

tiff had two minor children in her custody, and, in 1990, she also has two minor children in her custody. The defendant contends that the plaintiff's petition really sought a modification reflecting the increased costs of raising children. Were this so, he argues, the practical effect of granting a petition on such grounds would be to enable the plaintiff to evade our ruling in *Morrill* that "[a]bsent other factors, the expected growth of a child and normal increases in the cost of living are not special circumstances which justify the modification of a child support order." *Id.* at 689, 570 A.2d at 389. We are not persuaded by this contention.

Not only does the defendant's argument disregard the continued presence of the adult daughter in the household while she attends college, but it also portrays children as uniform or fungible packages of expenditures. Realistically, the plaintiff has a new child in her household, a child of different age and sex from the adult daughter. This new child's presence will mean costs of a different type than those associated with the adult daughter.

Moreover, the defendant's argument also overlooks the significant alteration in the original agreement effected by the movement of the child from his father's to his mother's home. In 1986, the plaintiff undertook to have two children in her custody and to receive support payments of $50 per week per child until each one turned eighteen or became emancipated. At that time, she could reasonably expect to have only one minor child in her custody by November of 1990, the daughter having turned eighteen in the interim. In addition, her assessment of a fair child support amount to be paid by the defendant was predicated upon the defendant's having one child living with him and incurring the costs associated with raising that child. Upon these understandings, she agreed to total payments of $100 per week, lowered to $50 per week when the oldest child reached eighteen in May of 1990. Instead, her obligation to care for two minor children has now been extended past its original term, and the defendant no longer bears the expenses associated with the child who previously lived with him. We hold that, under these circumstances, the statement in the plaintiff's petition that the third child now lives with her does allege a substantial change in circumstances upon which basis the trial court could reexamine the propriety of the agreement entered into in 1986 and could, in the exercise of its discretion, find the original agreement unfair or improper.

In his second argument, the defendant asserts that the trial court improperly ordered him to contribute toward his adult child's

college expenses, absent an educational support provision in the original support order. For a number of years, this court has upheld the discretion of trial courts to include allowances for college expenses in initial child support orders, *see, e.g., Azzi v. Azzi*, 118 N.H. 653, 657, 392 A.2d 148, 151 (1978); *Payette v. Payette*, 85 N.H. 297, 298, 157 A. 531, 531–32 (1931), or to modify initial support orders to include the payment of college expenses by either one or both of the parents; *see, e.g., Kayle v. Kayle*, 132 N.H. 402, 403, 565 A.2d 1069, 1071–72 (1989); *French v. French*, 117 N.H. 696, 699–701, 378 A.2d 1127, 1128–29 (1977). Furthermore, a divorced spouse's support obligations may not automatically end when a child reaches eighteen years of age, *Haight v. Petit*, 121 N.H. 886, 887, 435 A.2d 1132, 1133 (1981), and support may be awarded for the college expenses of adult children in appropriate circumstances. *Heinze v. Heinze*, 122 N.H. 358, 360, 444 A.2d 559, 561 (1982); *accord French*, 117 N.H. at 699–700, 378 A.2d at 1128–29 (rejecting argument that the trial court "had no jurisdiction to award educational expenses for adults"). In *French*, this court affirmed the decision of the trial court granting the defendant wife's cross-petition to modify a support order and placing the burden of a portion of the college expenses for the adult children on the plaintiff husband. *Id.* at 701, 378 A.2d at 1129. In *Merrifield v. Merrifield*, 122 N.H. 372, 445 A.2d 1087 (1982), we upheld the trial court's exercise of discretion in its refusal to modify a support order to require contribution by one of the divorced parents toward the post-secondary education costs of an adult child. *Id.* at 373–74, 445 A.2d at 1088. Thus, this court has consistently afforded trial courts discretion in originating, modifying, or refusing to modify support orders to appropriately allocate responsibility for the post-secondary education expenses of adult children.

The decision of a child to attend college is an increasingly important election. When a child has made this decision, the circumstances of the parent with whom he or she lives, as well as his or her own circumstances, may mean that the decision will effect a change substantial enough for consideration by a trial court in a petition to modify the original support order. A trial court may order the child's parents, though divorced, to provide a reasonable contribution toward the costs of post-secondary education if it is equitable in light of the circumstances of all of the parties. *French*, 117 N.H. at 699–700, 378 A.2d at 1128–29.

The sole distinctive feature of the present case is that the 1986 support order incorporated a negotiated stipulation which was silent

on the subject of college costs and which purported to contain the parties' entire understanding. Our decision turns, then, on whether a trial court's discretion is more limited when the existing support order incorporates a previously-negotiated, integrated stipulation omitting the subject of contribution toward college expenses.

■ The defendant correctly notes that, in *Morrill v. Millard* (*Morrill*), we held it an abuse of discretion by the trial court to grant modification of an order incorporating a previously-negotiated stipulation on a point which was fully foreseeable at the time of the negotiations between the parties. 132 N.H. at 689–90, 570 A.2d at 389–90. The defendant relies on this decision in arguing that the potential for incurring college expenses for the parties' children was "fully foreseeable" in 1986 and that an appropriate allocation of payment responsibility should, therefore, have been made at that time. This argument, however, inappropriately extends *Morrill* to cover events which are merely possibilities at the time a stipulation is negotiated. In *Morrill*, we found modification inappropriate where the parties had had ample opportunity to negotiate cost of living increases into their stipulation and "it was fully foreseeable that the satisfaction of basic needs would become more expensive as the child matured and that the cost of living would increase." *Id.* at 689, 570 A.2d at 389. We also acknowledged that the cost of education could justify modification of support obligations when the need for education was unforeseeable at the time the stipulation was signed and incorporated into the divorce decree. *Id.* Here, the parties had an opportunity to negotiate the issue of paying for post-secondary education expenses, but, as this was some three to four years prior to the oldest child's making her decision to attend college, we will not hold that college expenses were reasonably foreseeable at that time. The qualifications and desires of the prospective student would not have been apparent or reasonably foreseeable in 1986. The costs of post-secondary education cover a wide spectrum and can only be reasonably foreseen at the time the educational path has been chosen. The ability of the prospective student to make appropriate contributions toward the payment of such costs is affected by factors best determined at the time the expenses arise.

■ Our concern in *Morrill* with one parent's attempt to modify a support order, based on a negotiated stipulation, to reflect the predictable effects of inflation and costs associated with the growth of a child simply does not apply when the probability and magnitude of an expense are not reasonably foreseeable. The trial court in the

exercise of its discretion may grant a petition to modify a support order to provide for contribution toward post-secondary expenses in appropriate situations, irrespective of the absence of a provision for such expenses in the original order.

The fact that the support order in this appeal incorporated a stipulation with an integration clause may bolster a *Morrill*-type argument where the proffered change in circumstances was reasonably foreseeable, but it is irrelevant to the outcome here. A support order, although it may incorporate a contractual arrangement negotiated by the parties, is unlike a contract in that it is subject to modification on the motion of either party when the relative circumstances of the parties change. *See Nicolazzi*, 131 N.H. at 696–97, 559 A.2d at 1337. An integration clause, although relevant to an analysis of the stipulation as a contract between the parties, is no longer relevant where one party seeks a modification of that stipulation on the basis of changed circumstances.

The defendant further asserts that the trial court abused its discretion in its evaluation of the needs of the parties, and their respective abilities to meet those needs, when it raised the amount of the child support payments to $150 per week and when it ordered him to contribute one-half of the adult child's college expenses. The limited record he has presented demonstrates no fact which would support this assertion, and we must assume that the marital master heard evidence supporting her recommendation, which was, in turn, incorporated into the trial court's order. Further, although the defendant states that his income is approximately the same as it was at the time of the divorce in 1986, the marital master's recommendation utilized his 1986 income in applying the child support guidelines. Thus, the marital master's calculations simply reflect the absence of the child originally in the defendant's custody. The defendant is paying in child support payments only what he would have been paying in 1986 had he not taken custody of one child and had the New Hampshire support guidelines been used in determining the appropriate weekly child support figure. Barring some showing not made in the instant case, child support amounts derived using the guidelines in RSA chapter 458-C (Supp. 1990) are deemed appropriate. *See State v. Dionne*, 131 N.H. 630, 632–33, 557 A.2d 653, 655–56 (1989).

Regarding the reasonableness of the decision requiring the defendant to pay one-half of the adult child's college expenses, di-

vorced parents, consistent with their ability to pay, can be required to pay a reasonable portion of such expenses, with allowance made for any contribution the child can make on his or her own. *See Kayle,* 132 N.H. at 403, 405, 565 A.2d at 1071, 1072; *Azzi,* 118 N.H. at 657, 392 A.2d at 151 (citing *Payette,* 85 N.H. 297, 157 A. 531). As noted above, however, having been presented by the defendant with only a partial record, we assume that the marital master heard evidence supporting her recommendations as to the amount of contribution which was reasonable, given the parties' needs and their respective abilities to meet those needs.

*Affirmed.*

All concurred.