# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2020-0175, <u>In the Matter of Jessica Paquette and Gary Paquette</u>, the court on March 22, 2021, issued the following order:**

Having considered the petitioner's brief and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). The petitioner, Jessica Paquette, appeals an order of the Circuit Court (<u>Hall</u>, J.), following an evidentiary hearing, denying a motion in which she sought to "reallocate" amounts that the respondent, Gary Paquette, had been ordered to pay in child support and alimony. We affirm in part, vacate in part, and remand.

The parties divorced in 2015 pursuant to a final decree obligating the respondent to pay weekly alimony of $250 and weekly child support of $279, for a total weekly amount of $529. On February 10, 2017, the trial court approved an agreement between the parties pursuant to which the respondent would continue to pay the same total weekly amount, but would pay reduced child support of $79 and increased alimony of $450. The 2017 agreement, the petitioner contends, was the result of the respondent's loss of employment and was intended to reduce his tax liability. On March 1, 2018, the petitioner filed a motion to modify the support order. Following a hearing on that motion, the trial court, on June 8, 2018, issued a uniform support order requiring the respondent to pay "child support and alimony to [the petitioner] at the agreed upon level . . . [of] $79 per week in child support and $450 per week in alimony," and made the order "retroactive to the date that [the respondent] returned to work, namely March 12, 2018." Neither party appealed.

On or about June 29, 2018, the petitioner filed her motion to "reallocate effective with reinstatement of employment." In that motion, the petitioner asserted that the respondent's obligation to pay only $79 in child support and $450 in alimony had "resulted in a substantial increase in [her] tax obligation." She further asserted that the respondent had "resumed full time employment," and that, "[u]nder his present salary, [he] should be obligated to pay $309.00 per week in child support" under the Child Support Guidelines. The petitioner requested that the trial court "[r]eturn the child support and alimony obligations so that the [respondent] is paying $309.00 per week in child support and $250.00 per week as alimony."

Notwithstanding the petitioner's request in the motion for child support of $309 per week, an increase of $30 over the amount ordered under the terms

of the final decree, at the hearing on the motion, the petitioner asserted that she was "asking for essentially the same amount of money [that she had been receiving], but reallocated," and that "what we're looking for is the reallocation that goes back to the final decree." In response to the trial court's request that the petitioner provide "authority that says" that the court could "recharacterize what has already been court ordered," the petitioner submitted a pleading asserting that "it is undisputed that the court may consider the filing as of the date it was filed on," and argued at the hearing that "what we're looking for is the Court to reallocate the child support and alimony effective with our motion to reallocate, which was filed on June 29th, 2018," and that her request was "no different than if [she] had filed a motion for modification of support."

In denying the petitioner's motion, the trial court characterized it as "seek[ing] to vacate the parties' agreement and reallocate child support and alimony to their original amount retroactive to 3/12/18." The court observed that the petitioner "agreed to change the allocation of child support and alimony in 2017," that "both parties had the advice of counsel . . . at the time the agreement was reached," and that the petitioner "cite[d] no legal authority to support her argument that the prior agreement is somehow unenforceable or otherwise permits the Court to retroactively modify the parties' agreement." The trial court concluded that "there is no legal basis to justify such a request." The trial court additionally granted a separate motion that the respondent had filed to modify his alimony and child support obligations based upon his loss of employment and subsequent reemployment at a reduced income. Finding that an unforeseeable and substantial change of circumstances had occurred, the trial court both terminated the respondent's alimony obligation retroactive to the date he filed his motion, and ordered him to pay child support pursuant to the child support guidelines. On appeal, the petitioner argues that the trial court erred by not also treating her motion to reallocate as a motion to modify child support and alimony based upon changed circumstances. We agree.

The motion to reallocate requested that the trial court both increase child support from $79 per week to either $279 per week or $309 per week, and decrease alimony from $450 per week to $250 per week. In substance, therefore, the motion sought to modify the respondent's alimony and child support obligations under the June 8, 2018 uniform support order. The petitioner specifically clarified that this was, in fact, the nature of the relief that she was requesting when she argued at the hearing that her request was "no different than if [she] had filed a motion for modification of support."

Regardless of whether the parties had agreed to the alimony and child support amounts in the June 8, 2018 uniform support order, or whether they were represented by counsel at the time of their agreement, stipulated child support and alimony obligations may always be modified based upon a substantial and unforeseeable change of circumstances. See Laflamme v. Laflamme, 144 N.H. 524, 527 (1999); Giles v. Giles, 136 N.H. 540, 544-45

(1992); <u>Gnirk v. Gnirk</u>, 134 N.H. 199, 206 (1991); <u>see</u> <u>also</u> RSA 458-C:7, I(a) (2018).  Moreover, it is well-settled that a trial court may modify both alimony and child support retroactively to the date that the opposing party receives formal notice of the pleading seeking modification.[1]  RSA 458-C:7, II; <u>see</u> <u>In the Matter of Doherty & Doherty</u>, 168 N.H. 694, 704 (2016); <u>In the Matter of Birmingham & Birmingham</u>, 154 N.H. 51, 58 (2006).  Indeed, the trial court recognized these principles by granting the respondent's motion to modify based upon a substantial and unforeseeable change in circumstances, and by terminating alimony retroactive to the date he filed his motion.  Accordingly, we conclude that the trial court erred by denying the petitioner's motion to reallocate child support and alimony on the basis that it lacked legal authority to grant the relief requested by the motion.

Because the trial court erroneously determined that it lacked authority to modify the June 8, 2018 uniform support order pursuant to the petitioner's motion to "reallocate" child support and alimony, we vacate that portion of its order denying the motion to reallocate, and remand for further proceedings consistent with this order.  We express no opinion as to whether, on this record, the petitioner established a substantial change of circumstances from the June 8, 2018 support order that would have justified the modification she sought.  In all other respects, we affirm the trial court's order.

Any remaining arguments in the petitioner's brief are either insufficiently developed, <u>see</u> <u>State v. Blackmer</u>, 149 N.H. 47, 49 (2003), or otherwise do not warrant further discussion, <u>see</u> <u>Vogel v. Vogel</u>, 137 N.H. 321, 322 (1993).

<u>Affirmed in part; vacated in part; and remanded</u>.

Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,
Clerk**

---

[1] Although the trial court characterized the petitioner's motion as seeking to "reallocate child support and alimony . . . retroactive to 3/12/18," the petitioner requested that the court "reallocate the child support and alimony effective with our motion to reallocate, which was filed on June 29th, 2018," not March 12, 2018.