# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2023-0305, <u>In the Matter of Kseniya Ausiaikova and Brian Meckel</u>, the court on May 3, 2024, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal and has determined to resolve the case by way of this order.  See Sup. Ct. R. 20(2).  The petitioner, Kseniya Ausiaikova (Mother), appeals an order of the Circuit Court (Curran, J.), issued following a hearing, that, she contends, precludes her from traveling internationally with the parties' minor children.  We affirm.

The trial court is afforded wide discretion in determining matters of parental rights and responsibilities; accordingly, when reviewing such decisions, "our role is limited to determining whether it clearly appears that the trial court engaged in an unsustainable exercise of discretion."  In the Matter of Kurowski & Kurowski, 161 N.H. 578, 585 (2011); see also In the Matter of Ndyaija & Ndyaija, 173 N.H. 127, 140 (2020).  "We consider only whether the record establishes an objective basis sufficient to sustain the discretionary judgment made, and we will not disturb the trial court's determination if it could reasonably have been made." Kurowski, 161 N.H. at 585 (quotation omitted).  "The trial court's discretion necessarily extends to matters such as assigning weight to evidence and assessing the credibility and demeanor of witnesses."  Id.  "Conflicts in the testimony, questions about the credibility of witnesses, and the weight assigned to testimony are matters for the trial court to resolve."  Id.  "To the extent an appealing party argues that the trial court committed error involving questions of law, we review such issues de novo."  Kurowski, 161 N.H. at 585.

Mother and Brian Meckel (Father) are parents of two minor children.  On January 29, 2020, the trial court issued a final parenting plan that awarded the parties joint decision-making responsibility.  Mother asserts that this final parenting plan is silent on her right to travel internationally with the children. On May 27, 2022, Mother filed a petition to bring forward for clarification seeking, in addition to other relief, clarification as to whether she is permitted to renew the children's passports and travel internationally with them over Father's objection.  On December 6, 2022, the trial court held a final hearing on Mother's petition.  On March 6, 2023, the trial court issued an order denying Mother's petition.

At the hearing, the trial court received evidence based on offers of proof. Mother, who is from Belarus and whose family owns and operates an Inn in Crimea during the summer months, explained that she has always loved to travel and traveled often with Father prior to having children and while the children were young, including spending an extensive amount of time in Crimea. Mother asserted that there was no basis for Father's allegation that she may abscond with the children to Crimea, because she has substantial ties to the United States and has no intention of separating the children from their father.

Father countered that Mother had stated that she intends to one day return to Crimea or Belarus to live, and that these areas are at present not safe for travel due to the ongoing war in Ukraine. Father also presented evidence reflecting that the United States has issued travel advisories identifying Belarus and Crimea as "level 4," indicating that they are not safe for travel. Additionally, Father pointed to prior instances in which Mother had taken unilateral action with regard to decisions relating to the children.

In denying Mother's petition to bring forward for clarification, the trial court expressed that it "disagrees that . . . [the] final orders issued in early 2020 now require clarification[.]" With regard to renewing the children's passports and international travel, the trial court concluded, "[g]iven the mistrust between the parties (coupled with his cited fear that mother will depart for her native country) the father's opposition to securing or renewing passports is understandable[.]" The trial court further expressed that it "does not deem the international travel envisioned by mother – to Crimea, while war rages in the Ukraine – is reasonable."

Mother raises several arguments on appeal that are distilled into two overarching claims of error. First, Mother asserts that the trial court mistakenly found that she sought to travel to Ukraine/Belarus only, whereas Mother actually sought to clarify her right to international travel generally, with a plan to go to the Bahamas in the near term, and potentially Ukraine/Belarus when she deems such travel appropriate. Second, Mother contends that the record is devoid of evidence suggesting that there is a likelihood that she would abscond with the children and not return, or that prohibiting all international travel is in the children's best interests.

With regard to the first argument, although mother's counsel did refer to a potential trip to the Bahamas at the final hearing, mother's counsel also explicitly informed the trial court that, "[o]ne of the issues the Court <u>must</u> determine is whether to allow the children to travel to Belarus and Crimea for vacations." (Emphasis added). Though Mother argues on appeal that she sought permission to travel to the Bahamas only, the record indicates that Mother made a direct request for the trial court to evaluate vacations to Belarus and Crimea.

Accordingly, the trial court did not err in addressing travel to Belarus and Crimea, and we disagree with Mother's assertion on appeal that the evidence before the trial court pertaining to Father's safety concerns regarding travel to those regions is "irrelevant as [Mother] was hopeful to travel with the children to the Bahamas – not Crimea/Belarus." The transcript reflects that Father submitted records demonstrating that the United States Department of State has advised against travel to Crimea and Belarus. Mother has not provided the court with copies of these exhibits on appeal. Thus, we conclude that this evidence supports the trial court's conclusion that travel to Crimea is not reasonable at this time. See Silverstein v. Town of Alexandria, 150 N.H. 679, 681 (2004) ("In the absence of a sufficient record of the proceedings below, we assume the evidence supports the trial court's findings . . . .").

Mother next claims that the trial court misapplied our decision in In the Matter of Rix and Jather, 161 N.H. 544 (2011), because there was insufficient evidence presented to show a likelihood that she would travel internationally with the children without father's awareness, or that she would leave the country with the children and not return. Rix is factually analogous to the extent that it involved a father who sought to renew the child's passport to enable a trip to India to visit family, and a mother who expressed concern that the father would not return. Id. at 546-47. The Rix trial court was not persuaded by the mother's claim that the father and the child may not return from India, and it found it persuasive that the father held a high-paying job in Portsmouth and owned two businesses in the United States, that the mother and the father had traveled to India with the child together three times in the past, and that the father had invited the mother on the trip to India. Id. at 547-48. We affirmed, finding the trial court did not unsustainably exercise its discretion in allowing the travel to India. Id. at 549.

Here, it is not apparent that the trial court misapplied Rix; rather it reached a different conclusion than the Rix trial court when resolving a dispute with similar facts. As stated, "we will not disturb the trial court's determination if it could reasonably have been made." Kurowski, 161 N.H. at 585. And here, the trial court, with its knowledge of the parties and their parenting history, including instances of Mother's past unilateral decision-making as to the children, was in the best position to assess the parties' positions and determine whether international travel to Belarus and Crimea during a period of military conflict is in the best interest of the children. Cf. Nicolazzi v. Nicolazzi, 131 N.H. 694, 697, (1989) ("The trial court was in the best position to make this decision, as it was intimately familiar with the parties' circumstances.").[1]

---

[1] To the extent Mother asserts that the trial court erred because it did not expressly state that it applied the best interest of the child standard, this court assumes the trial court applied the correct standard. See Rix, 161 N.H. at 548 ("While the trial court did not expressly articulate the standard it employed in making its rulings, we assume that the trial court applied the proper standard.").

Finally, we note that the trial court's order denied Mother's request to clarify the final parenting plan. Mother did not, however, provide this court with copies of the currently operative parenting plan or her petition to bring forward for clarification. "It is the burden of the appealing party . . . to provide this court with a record sufficient to decide her issues on appeal[.]" Bean v. Red Oak Prop. Mgmt., Inc., 151 N.H. 248, 250 (2004). Without these necessary portions of the record, we are unable to consider the extent to which the parties' parenting plan restricts international travel or determine the scope of the relief that Mother specifically requested through her petition to bring forward, i.e. whether she sought to clarify travel to the Bahamas or to Belarus/Crimea.

As indicated above, during the hearing Mother asked the trial court to determine whether vacations to Belarus and Crimea were permissible. The trial court decided this issue. However, at the hearing, Mother also mentioned other travel such as to the Bahamas, and Father referenced the use of a travel bond to provide security regarding Mother's return with the children should they travel internationally. With regard to the travel bond or "alternate measures," the trial court concluded that the issue was not properly before it because it had not been formally requested by either party. As to other travel, the trial court did not specifically address this issue, thus holding that the final parenting plan did not require clarification as to this topic. Accordingly, on the record before us, we find that the trial court did not unsustainably exercise its discretion in denying Mother's petition to bring forward for clarification.

Affirmed.

MacDonald, C.J., and Bassett, Hantz Marconi, Donovan, and Countway, JJ., concurred.

**Timothy A. Gudas,
Clerk**

4