Hillsborough
No. 78-096

## GEORGE R. WINKLER

v.

## MARJORIE L. QUACKENBUSH, EXECUTRIX

July 18, 1978

*Sullivan, Gregg & Horton,* of Nashua (*Sherman D. Horton, Jr.,* orally), for the defendant.

PER CURIAM. The issue in this case is whether a decree of divorce in favor of George R. Winkler against Phyllis L. Winkler became effective before her death.

George and Phyllis Winkler were married in 1969. Both had sons by prior marriages. In April 1975, George filed a libel for divorce. Twelve days later Phyllis executed a will leaving everything to her son Nathan Howes and made no mention of George.

The divorce action was tried contested before a marital master, *Henry P. Sullivan,* Esq., who made a report which was approved by the Court (*King,* J.), decreeing a divorce for the cause of irreconcilable differences. Real estate and a boat were decreed to George. Phyllis was awarded $30,000 as a property settlement, plus weekly alimony. A substantial amount of personal property was reviewed by the master but its division was left to the parties because agreement seemed likely. The decree was dated November 12, 1975. Under Superior Court Rule No. 74, all exceptions are deemed waived "and final judgment shall be entered on the next judgment day unless a bill of exception or proposed reserved case is filed before such judgment day. . . ." The governing judgment day for this decree was December 2, 1975.

The clerk of court notified the parties of the decree by letter dated November 14, 1975, stating that it would become effective "on December 2, 1975." No bill of exceptions or proposed reserved case or other motion was filed before that date.

On December 2, 1975, at about 10:00 p.m. Phyllis cut her wrists and died sometime thereafter. Marjorie Quackenbush was appointed executrix of her will on December 5 and on December 15 George filed a motion for a rehearing in the divorce case. Supplemental pleadings have been filed raising issues concerning personal property rights and the payment of the $30,000. The questions whether the divorce decree became effective, of the effect of the motion for a rehearing, and of the proper forum to determine ownership of the personal property were transferred without ruling by *Flynn,* J.

Superior Court Rule No. 74, governs the effective date of the decree. The clerk's letter was merely a statement of the effect of that rule. Under the rule, decrees become effective on the judgment day unless a bill of exceptions or proposed reserved case is filed "*before* such judgment day" [emphasis added]. *R. J. Berke & Co.,*

*Inc. v. J. P. Griffin, Inc.*, 118 N.H. 449, 388 A.2d 1260 (1978). The divorce decree became effective therefore at the very beginning of the day of December 2, 1975.

The motion for rehearing filed on December 15, 1975, has no effect on the decree.

The superior court has jurisdiction to decide disputes over the personal property. *In re Bunker Estate*, 110 N.H. 285, 266 A.2d 114 (1970).

*Remanded.*

BROCK, J., did not sit.