Rockingham
No. 80-483

BRUCE A. ROLLINS

v.

BARBARA D. ROLLINS

January 15, 1982

*Holland, Donovan, Beckett & Welch,* of Exeter (*William H. M. Beckett* on the brief and orally), for the plaintiff.

*Shaw & Woods P.A.,* of Exeter (*Robert Shaw* on the brief and orally), for the defendant.

DOUGLAS, J. This case presents us with the following issues: Whether the Master (*Earl Dearborn,* Esq.) erred in denying the defendant's motion to set aside the divorce decree and for a new trial on the basis of newly discovered evidence, and whether the master erred in ruling that the child support order in the final decree superseded the temporary child support order during the pendency of this appeal. We remand.

The parties were married in 1966, and moved to Deerfield, New Hampshire. They have four minor children, two of whom are adopted. The parties built a ten-room house in 1970 on one acre of land given to them as a wedding gift by the plaintiff's father.

In 1975 the plaintiff started a contracting business. The busi-

ness, incorporated in 1977 as BAR Excavating, Inc., issued a total of five thousand $1 par value shares. Plaintiff owns all of the shares and is the corporation's primary officer and employee. Before their divorce, the defendant was the corporation's book-keeper.

The plaintiff filed a libel for divorce on the ground of irreconcilable differences, RSA 458:7-a (Supp. 1979), in Rockingham County Superior Court in January 1980. Child custody, support, and the use and division of property, all bitterly contested, were the subject of two hearings in 1980. A final hearing took place before the master on September 2, 1980, and his recommended decree was approved by *Wyman*, J., on October 20, 1980. The decree granted the plaintiff a divorce on the ground of irreconcilable differences which caused the irremediable breakdown of the marriage. The plaintiff was ordered to pay $200 per week in child support to the defendant, who was awarded custody of the children. The defendant wife has continually challenged two provisions of the decree: one provision orders the parties to sell the Deerfield home and divide the proceeds equally; the other provision awards to the plaintiff all of the stock in BAR Excavating, Inc., disencumbered of any claim by the defendant.

On November 1, 1980, the defendant filed a motion for rehearing and reconsideration. She claimed that the decree "evicted" her and the children from their home and that they could not afford to buy a new home with one-half the proceeds of the sale of the home. The defendant complained that the decree deprived her and the four children of reasonable support. She considers this unfair because the court allowed the plaintiff to retain all of the profits from his business. *Mullavey*, J., in accordance with the master's recommendation, denied the defendant's motion for rehearing and reconsideration.

The court likewise denied the defendant's motion to set aside the decree and for a new trial. This motion was filed on November 21, 1980, the same day the motion for rehearing and reconsideration was heard, because the information underlying the motion had only been discovered that week. On the basis of that information, the defendant asserted that the final decree had been secured by the plaintiff's "fraud and deception" as to material facts, that the master fell into a plain mistake, and that the decree was unjust with respect to the distribution of property.

Counsel for the defendant at the November 21 hearing made offers of proof that the plaintiff fraudulently concealed his ownership of a piece of land in Deerfield and that the plaintiff had recently purchased two ten-wheel trucks. Finally, the defendant

offered proof that the plaintiff had recently testified before the Deerfield Board of Adjustment that his business was financially sound, though he had previously told the court that the condition of the business was uncertain. Despite the defendant's offers of proof, the court denied her motion for rehearing and reconsideration and her motion to set aside the decree.

■ On the basis of the defendant's allegation of "fraud and deception" and the offers of proof, the master should have reopened the hearing on the limited issue of property division. *Cf. Morgenroth & Assoc's, Inc. v. Town of Tilton*, 121 N.H. 511, 516–17, 431 A.2d 770, 773–74 (1981).

We remand so that the defendant can supplement her offers of proof and present any relevant testimony. The *property* segment of the decree should not become final until Barbara Rollins presents her new evidence. Though the master must hear the evidence, he is not compelled to alter the existing decree if he concludes that it was fair and equitable under all the circumstances.

■■ We reiterate our holding in *Bricker v. Sceva Speare Hospital*, 115 N.H. 709, 711, 350 A.2d 623, 625 (1975), that a case should not be reopened merely because a party persists in asserting arguments that were or could have been raised at trial. A limited rehearing is granted in this case because the defendant's new evidence was not available before the final decree, and because the evidence suggests the existence of fraud and deception.

The last issue raised by the defendant concerns the plaintiff's January 28, 1981, motion for clarification of his support obligation. The final decree of October 1980, with which he complied, ordered him to pay $200 per week child support. The defendant, however, threatened him with contempt for failure to comply with the March 1980 temporary decree requiring payment of a higher amount. The trial court, approving the master's recommendation, specifically ordered that the child support order contained in the final decree should "remain in force and effect pending resolution of the appeal by the defendant."

■ Superior Court Rule 74 provides that a decree does not go to final judgment if a timely appeal is taken to this court. *See generally Winkler v. Quackenbush*, 118 N.H. 539, 540, 388 A.2d 1262, 1263 (1978). An appeal is timely if the party excepting files a notice of appeal in this court within thirty days. In this case the final decree was entered on October 20, 1980, but the defendant filed a motion for rehearing and reconsideration on November 1, 1980. On December 2, 1980, the court denied this motion as well as

10

the defendant's November 21 motion to set aside the decree. The defendant filed her notice of appeal seventeen days later, on December 19, 1980. Thus, the defendant appealed to this court before thirty days had elapsed from the last order below. Normally, by timely appealing the trial court's final decree, the defendant would prevent it from going to judgment and the temporary decree would remain in effect. In this case, however, the master specifically recommended, and the judge ordered, that the final decree was to be in effect as to the reduced level of support only, pending any appeal. Therefore, the defendant's only recourse was to obtain a stay of that order in the trial court or this court. *Cf. Hille v. Hille*, 116 N.H. 109, 112, 352 A.2d 703, 706 (1976). No stay was obtained; therefore, the $200 per week order is the one with which the plaintiff must comply.

*Remanded.*

All concurred.