George P. POST d/b/a Post Petroleum Company, Plaintiff,

v.

PERRY GAS TRANSMISSION, INC., Palo Duro Pipeline Company, Berter Investments, Inc., Tiltex Gas Company, United Texas South Plains, Inc., and Pandle, Ltd., Defendants.

Civ. A. No. 2–83–158.

United States District Court,
N.D. Texas,
Amarillo Division.

Dec. 15, 1983.

## ORDER

MARY LOU ROBINSON, District Judge.

Plaintiff, George P. Post d/b/a Post Petroleum Company, is an independent producer of natural gas. On November 30, 1977, Plaintiff and Defendant Perry Gas Transmission, Inc., entered into a gas purchase contract whereby Perry agreed to purchase natural gas produced from wells in Wheeler County, Texas.

Palo Duro Pipeline Company, Inc., successor in interest to Palo Duro Pipeline Company, operates an intrastate natural gas pipeline system in the State of Texas. Palo Duro has succeeded to the rights and obligations of Perry under the gas purchase contract.

Post has instituted this suit seeking, *inter alia*, to recover certain amounts he claims are owed pursuant to the so-called "take-or-pay" provisions of the gas purchase contract. Plaintiff contends that Palo Duro is obligated to take delivery of a certain minimum quantity of gas and that

if Palo Duro does not actually take such gas, it must nevertheless make payment.

Defendants assert that the take-or-pay provisions of the gas purchase contract are unenforceable because any take-or-pay payments would constitute additional consideration to Post above and beyond the maximum lawful price and, thus, that a violation of the Natural Gas Policy Act of 1978 would result. *See* NGPA § 504, 15 U.S.C. § 3414(a) (1983). Defendants have asked this Court to refer this issue to the Federal Energy Regulatory Commission under the doctrine of primary jurisdiction.

### Of Primary Jurisdiction

■ The Supreme Court of the United States has defined the doctrine of primary jurisdiction as:

> ○ [A] principle now firmly established, that in cases raising issues of fact not within the conventional experience of judges or cases requiring the exercise of administrative discretion, agencies created by Congress for regulating the subject matter should not be passed over. This is so even though the facts after they have been appraised by specialized competence serve as a premise for legal consequences to be judicially defined. Uniformity and consistency in the regulation of business entrusted to a particular agency are secured, and the limited functions of review by the judiciary are more rationally exercised, by preliminary resort for ascertaining and interpreting the circumstances underlying legal issues to agencies that are better equipped than courts by specialization, by insight gained through experience, and by more flexible procedure.

*Far East Conference v. United States,* 342 U.S. 570, 574–75, 72 S.Ct. 492, 494–95, 96 L.Ed. 576 (1952). Professor Davis has suggested that the rationale for the doctrine is:

> [R]ecognition of the need for orderly and sensible coordination of the work of [administrative] agencies and of courts. Whether the agency happens to be expert or not, a court should not act upon [a] subject matter that is peculiarly within the agency's specialized field without taking into account what the agency has to offer, for otherwise the parties who are subject to the agency's continuous regulation may become the victims of uncoordinated and conflicting requirements.

3 Davis, Administrative Law Treatise § 1901. Four factors are usually considered in determining whether to defer to an administrative agency: (1) whether the question at issue is within the conventional experience of judges; (2) whether the question at issue lies peculiarly within the agency's discretion or requires the exercise of agency expertise; (3) whether there exists a danger of inconsistent rulings; and (4) whether a prior application to the agency has been made. *Oasis Petroleum Corp. v. United States Dep't of Energy,* 718 F.2d 1558, 1564 (Temp.Emer.Ct.App.1983).

The Court finds these factors sufficiently satisfied in this case to justify referral to the FERC. While Plaintiff has sought to characterize the issue as one of simple statutory interpretation, the fact remains that the issue of whether take-or-pay payments violate the first sale price limitations of the NGPA could affect energy policy throughout the entire nation. Congress has specifically entrusted the enforcement and administration of the NGPA to the FERC. NGPA § 501, 15 U.S.C. § 3411(a) (1983). Consequently, the FERC has both the expertise in the area of natural gas regulation and the experience in interpreting the NGPA to justify referring this case to it.

Plaintiff's reliance on the Fifth Circuit's comment that:

> Defining ["first sale"] does not bring into play the experience which the agency has gained in administering the [Natural Gas Act] nor does this definition draw on the agency's expertise in dealing with the technical problems associated with energy regulation,

is misplaced. *Mid-Louisiana Gas Co. v. FERC,* 664 F.2d 530, 534 (5th Cir.1981), *vacated,* 463 U.S. 319, 103 S.Ct. 3024, 77 L.Ed.2d 668 (1983). First, that case arose in the context of determining what amount

of deference the court should show to the FERC's determination of an issue, not in the context of determining whether FERC should be asked its opinion. Secondly, resolution of the take-or-pay issue appears more likely to revolve around the definition of "other transfer for value" in § 2 of the NGPA, 15 U.S.C. § 3301(20) (1983), than around the definition of first sale. Moreover, Congress intended to give the FERC the power to define "transfer for value." H.R.Rep. 95–1752, 95th Cong., 2d Sess. 116, *reprinted in* [1978] U.S.Code Cong. & Ad. News 8800, 9033.

The issue of the legality of take-or-pay clauses under the NGPA has also arisen in various forms in a number of proceedings currently on the Commission's docket. *See Northern Natural Gas Co. v. Sampson Resources Co.*, Docket No. GP83–21–000; *Columbia Gas Transmission Corp.*, Docket No. CI83–304–000; *Producer's Gas Company v. Southport Exploration, Inc.*, Docket No. GP83–48–000; *Amerada Hess Corporation*, Docket No. RP83–109; *Natural Gas Pipeline of America*, Docket No. GP83–49. The FERC's Acting General Counsel has commented that the issue "is not easily resolved." Letter from Stephen R. Melton to George J. Meiburger (Sept. 15, 1983). The Fifth Circuit has noted that "[t]he advisability of invoking primary jurisdiction is greatest when the issue is already before the agency." *Mississippi Power & Light Co. v. United Gas Pipe Line Co.*, 532 F.2d 412, 420 (5th Cir.1976).

█ Consequently, this Court finds it appropriate to refer this case to the Federal Energy Regulatory Commission for resolution of the following issue:

Would enforcement of the take-or-pay provisions of the gas purchase contract at issue in this case violate Section 504 of the NGPA?

By referring this specific issue to the FERC, this Court does not intend to unduly restrict that agency's ability to assist the Court. The FERC is free to make all findings that it believes will aid the prompt resolution of this case. *Cf. MP & L*, 532 F.2d at 421 n. 14.

█ All further proceedings in this Court are STAYED pending the FERC's resolution of the referred issue. Because the Court believes that allowing discovery will aid in the resolution of the dispute, proceedings related to depositions and discovery under Fed.R.Civ.P. 26–37 are *not* stayed. *Cf. MP & L*, 532 F.2d at 422 n. 15.

In entering this Order, the Court is cognizant of the almost inevitable added expense and delay to the litigants, but holds true to the course charted by the Fifth Circuit:

When faced with two roads diverging, one leading through the unmarked forest of judicial guesswork and one leading through the clearing of agency expertise, this Court has preferred to take the less traveled by, that of primary jurisdiction. Although primary jurisdiction provides a temporary refuge from a difficult decision, we carefully examine the question presented to us to determine whether the rationale underlying primary jurisdiction applies and whether further determination by the agency will illuminate those issues before us. "What bears continual emphasis is that the Court neither passes off final decision on to another tribunal nor escapes from its ultimate duty to decide. For after the exercise of primary jurisdiction determination by the agency concerned, the case comes back in a suitable way for the Court, as a Court, to act."

*American Trucking Associations v. ICC*, 682 F.2d 487, 492 (5th Cir.1982), *quoting Usery v. Tamiami Trail Tours*, 531 F.2d 224, 241 (5th Cir.1976).

Since this case has already been pending on the docket of this Court for some months, the Court urges the FERC to reach a decision as expeditiously as possible.

It is SO ORDERED.