Ferdinando v. Inst. Prof. Pract.      CV-93-83-B      03/21/94

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Ferdinando Insurance
Associates, Inc.

    v.                               Civil Action No. C-93-83-B

Institute of Professional
Practice, Inc.

**O R D E R**

In this diversity action, defendant Institute of Professional Practice, Inc. ("IPPI"), a non-profit organization incorporated in the State of Vermont, seeks to dismiss all of the breach of contract and related claims filed against it by plaintiff Ferdinando Insurance Associates, Inc. ("Ferdinando"), a New Hampshire insurance broker.

**I.  FACTS[1]**

IPPI has purchased its insurance through the Stowe Insurance Agency for more than twenty years.  Nevertheless, when its

---

[1] In deciding this motion, I must construe the complaint in the light most favorable to Ferdinando, accepting all material allegations in the complaint as true, and grant dismissal only if no set of facts entitles Ferdinando to relief. See, e.g., Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Berniger v. Meadow Green-Wildcat Corp., 945 F.2d 4, 6 (1st Cir. 1991); Dartmouth Review v. Dartmouth College, 889 F.2d 13, 16 (1st Cir. 1989).

insurance contract came up for renewal in 1992, IPPI contacted Ferdinando and asked it to develop an alternative proposal for insurance coverage. Ferdinando agreed to IPPI's request only after it obtained assurances that (i) IPPI would award its insurance business to Ferdinando if it was satisfied with Ferdinando's proposal, and (ii) IPPI would not disclose the details of Ferdinando's proposal to any third party.

Ferdinando made its presentation to IPPI in October 1992. During the presentation, Ferdinando revealed its intention to provide IPPI with insurance purchased through the Irwin Siegal Agency ("Siegal"). Ferdinando also represented that its proposal would save IPPI approximately $100,000 per year in insurance premiums. Following the presentation, IPPI expressed satisfaction with the proposal and repeatedly agreed that it would not award its insurance business to another broker. Notwithstanding these representations, IPPI later decided to use the Stowe Agency rather than Ferdinando as its insurance broker. Moreover, IPPI instructed the Stowe Agency to purchase the cheaper insurance offered by Siegal.

Ferdinando has sued IPPI, alleging claims for breach of contract, tortious interference, breach of the duty of good faith and fair dealing, violation of the Uniform Trade Secrets Act, and

2

violation of the Consumer Protection Act.

## II. <u>Analysis</u>[2]

### A. <u>Breach of Contract</u>

IPPI challenges Ferdinando's breach of contract claim by arguing that (i) the parties never entered into a contract, and (ii) the statute of frauds prevents Ferdinando from enforcing any oral contract that was reached.[3]  I find neither argument persuasive.

First, when the complaint is considered in the light most favorable to Ferdinando, it satisfactorily alleges a breach of contract claim.  The complaint alleges that Ferdinando developed

---

[2] Both parties have briefed the relevant issues using New Hampshire law, and, as such, have made the implicit concession that New Hampshire law in fact applies.  Because I have not found any substantial differences between the relevant law in New Hampshire and Vermont, and the parties have not identified any such contradictions, I accept their concession that New Hampshire law controls.  <u>See</u> <u>Mathewson Corp. v. Allied Marine Indus., Inc.</u>, 827 F.2d 850, 853, n. 3 (1st Cir. 1987) (citing <u>Oman Intern. Finance Ltd. v. Hoiyong Gems Corp.</u>, 616 F.Supp. 351, 358, n. 5 (D.R.I. 1985)).

[3] IPPI also argues that the alleged contract is unenforceable because Ferdinando was not licensed to sell insurance in Vermont.  This argument depends upon facts not alleged in the complaint, therefore it is not an argument that can be raised through a motion to dismiss pursuant to Rule 12(b)(6).

an insurance proposal in exchange for IPPI's promise that it would purchase the insurance if it proved to be acceptable. After Ferdinando presented its proposal, IPPI agreed that it was acceptable, and promised not to give its business to another broker. Notwithstanding this agreement, IPPI awarded its business to Ferdinando's competitor. Construing the complaint in the light most favorable to Ferdinando, it has alleged an offer, acceptance, consideration, material breach, and damages. It need do no more to survive a Rule 12(b)(6) motion. Compare Crellin Technologies, Inc. v. Equipmentlease Corp., ____ F.3d ____, 1994 WESTLAW 60842 (1st Cir. 1994) (affirming District Judge's finding after a bench trial that the parties never entered into a binding contract).

Second, the oral contract described in the complaint is not unenforceable because of the statute of frauds. IPPI contends that the alleged contract is subject to the statute of frauds because it is not capable of being performed within one year. In making this contention, IPPI misconstrues the nature of Ferdinando's contract claim. Ferdinando is not claiming that IPPI breached a contract to pay insurance policy premiums. Rather, Ferdinando is claiming that IPPI breached a contract to use Ferdinando as its insurance broker. This contract could have

4

been fully performed in one year.  Thus, the statute of frauds is inapplicable to Ferdinando's contract claim.

B.  Tortious Interference with Contractual Relationship

IPPI claims that it is not liable to Ferdinando for tortious interference because it was unaware of the business relationship between Ferdinando and Siegal when IPPI awarded its insurance business to the Stowe Agency.  Whether or not this contention is true, it cannot be the basis for a Rule 12(b)(6) dismissal. Ferdinando has alleged in the complaint that "IPPI was appraised for the first time of the existence of the Irwin Siegal/ Continental Insurance Plan" during Ferdinando's October 1992 presentation.  In considering IPPI's challenge to Ferdinando's tortious interference claim, I must accept the truth of the complaint's allegations.  Thus, I cannot dismiss the tortious interference claim for the reasons cited by IPPI.

C.  Duty of Good Faith and Fair Dealing

The duty of good faith and fair dealing is a duty that exists by implication in every New Hampshire contract. See Centronics Corp. v. Genicom Corp., 132 N.H. 133, 138, 562 A.2d 187, 190 (1989).  Ferdinando alleges in the complaint that IPPI breached its express contractual duties to (i) purchase its insurance through Ferdinando, and (ii) not to disclose the

5

details of Ferdinando's proposal to any third party. Ferdinando's good faith and fair dealing claim merely restates these alleged breaches of IPPI's express contractual obligations. Such allegations do not establish a breach of a duty of good faith and fair dealing.[4]  Accordingly, this claim is dismissed.

D. Trade Secrets

New Hampshire's Trade Secret law defines a "trade secret" as

[I]nformation, including a formula, pattern, compilation, program, device, method, technique, or process that:

(a) Derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use; and

(b) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

N.H. Rev. Stat. Ann. 350-B.  Ferdinando argues that the insurance plan it proposed to sell to IPPI qualifies as a trade secret.  I disagree.  Even construing the complaint in the light most favorable to Ferdinando, the insurance plan is not a trade secret

---

[4] Ferdinando has not alleged that IPPI made intentional misrepresentations during the negotiations leading up to the contract.  Nor has Ferdinando alleged that IPPI acted in bad faith in exercising discretion it had under the contract.  In the absence of such allegations, Ferdinando has not pleaded a sufficient claim for a breach of the duty of good faith and fair dealing.

because its contents were "readily ascertainable by proper means."  The insurance plan would have been available to any insurance broker who was authorized to do business with Siegal. Such a plan does not become a trade secret merely because Ferdinando went to some effort on its own to identify the plan. Accordingly, Ferdinando's trade secret count is dismissed.

E.  Consumer Protection Act

As the title to the statute indicates, N.H. Rev. Stat. Ann. 358-A regulates business practices for "consumer protection." See Chase v. Dorais, 122 N.H. 600, 601, 448 A.2d 390, 391 (1982) (statute "is a comprehensive statute designed to regulate business practices for consumer protection").  The Act provides in pertinent part that:

> It shall be unlawful for any person to use any unfair method of competition or any unfair or deceptive act or practice in the conduct of any trade or commerce within this state. . . .

N.H. Rev. Stat. Ann. 358-A:2 (emphasis added).  Moreover, the Act defines "trade or commerce" as the

> Advertising, offering for sale, sale, or distribution of any services and any property, tangible or intangible, real, personal or mix, and any other article, commodity, or thing of value wherever situate, and shall include any trade or commerce directly or indirectly affecting the people of this state.

N.H. Rev. Stat. Ann. 358-A:1 II.

7

In the present case, IPPI was the consumer and Ferdinando was the alleged seller of Ferdinando's insurance brokering services. Under these circumstances, I simply cannot accept Ferdinando's contention that IPPI was engaged in "trade or commerce" when it committed the allegedly unfair and deceptive acts on which Ferdinando's Consumer Protection Act claim is based. Therefore, it cannot be guilty of a Consumer Protection Act violation.

## III. Conclusion

For the reasons described herein, IPPI's motion to dismiss (document no. 4) is granted in part. Counts III, IV and V of Ferdinando's complaint are dismissed.

SO ORDERED.

_____
Paul Barbadoro
United States District Judge

March 21, 1994

cc: George Moore, Esq.
    Charles Douglas, Esq.