Boone v. Spangler Automated . . .     94-602-SD     10/24/96

UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEW HAMPSHIRE


Michael I. Boone;
Boone Chiropractic and
 Rehabilitation, P.C.

_____v.                                        Civil No. 94-602-SD

Spangler Automated Medical Services, Inc.


O R D E R


_____On October 23, 1996, a jury, following several days of deliberation, returned verdicts, some of which were favorable to the plaintiffs herein.[1]

Prior to the commencement of jury deliberations, the court, over objection of the defendant, submitted to the jury the issue as to whether defendant's acts or omissions were violative of the CPA.  The court reserved for its own decision, however, the issue of whether, if such a violation of the CPA were found, it would be a "willful or knowing violation."  RSA 358-A:10.[2]  This order

---

[1]Responding to special verdict questions, the jury awarded $5,000 to plaintiffs on their claim for breach of contract, and $25,000 to plaintiffs for violation of the New Hampshire Consumer Protection Act (CPA or the Act), New Hampshire Revised Statutes Annotated (RSA) 358-A.

[2]RSA 358-A:10, I, provides:

addresses that reserved issue.

Courts in New Hampshire, both state and federal, have not as yet delineated the parameters of "willful and knowing violation" contained in RSA 358-A:10, supra. However, neighboring courts in Massachusetts have considered that issue in their course of interpretation of the Massachusetts CPA, set forth as

---

Any person injured by another's use of any method, act or practice declared unlawful under this chapter may bring an action for damages and for such equitable relief, including an injunction, as the court deems necessary and proper. If the court finds for the plaintiff, recovery shall be in the amount of actual damages or $1,000, whichever is greater. If the court finds that the use of the method of competition or the act or practice was a willful or knowing violation of this chapter, it shall award as much as 3 times, but not less than 2 times, such amount. In addition, a prevailing plaintiff shall be awarded the costs of the suit and reasonable attorney's fees, as determined by the court. Any attempted waiver of the right to the damages set forth in this paragraph shall be void and unenforceable. Injunctive relief shall be available to private individuals under this chapter without bond, subject to the discretion of the court.

2

Massachusetts General Laws (MGL) 93-A:11.[3] [4]  Thereunder, it has
been held that the enhancement of damages provided by the statute
requires proof of "callous and intentional violations," Heller v.
Silverbranch Constr. Corp., 376 Mass. 621, 627, 382 N.E.2d 1065
(1978), with "relatively innocent violations" being insufficient
for the imposition of such penalties, International Fidelity Ins.
Co. v. Wilson, 387 Mass. 841, 854, 443 N.E.2d 1308 (1983).

Otherwise put, a mere finding of conduct which is violative
of the CPA does not automatically trigger an award of multiple
damages.  Cambridge Plating Co. v. Napco, Inc., 85 F.3d 752, 770
(1st Cir. 1996).  "Rather, it is only when the [statutory
violations complained of] amount of 'intentional fraud' that the
severe sanction is appropriate."  VMark Software, Inc. v. EMC
Corp., 642 N.E.2d 587, 596 (Mass. App. Ct. 1994) (citations
omitted).

---

[3]"The New Hampshire courts have invited interpretive
comparisons with the 'well developed' caselaw construing the
analogous Massachusetts 'unfair and deceptive practices' act,
Mass. Gen. Laws ch. 93A.  See Chase v. Dorais, 122 N.H. 600, 602,
448 A.2d 390, 391-92 (1982)."  Chroniak v. Golden Investment
Corp., 983 F.2d 1140, 1146 & n.11 (1st Cir. 1993).

[4]MGL 93-A:11 provides in relevant part: "If the court finds
for the petitioner, recovery shall be in the amount of actual
damages; or up to three, but not less than two, times such amount
if the court finds that the use or employment of the method of
competition or the act or practice was a willful or knowing
violation of said section two."

The evidence presented in the instant case does not support a finding that the CPA violations found by the jury were "willful or knowing" within the meaning of RSA 358-A:10. At most, they demonstrate only careless or inattentive conduct, resultantly harmful to a consumer's interests.

It was findable that defendant sold software to be used for automated billing services by health providers. Defendant's dual approach to marketing included (1) selling software to a customer who in turn would set up his own billing service and contact his own health provider customers and (2) allowing interested parties to sell on commission in designated geographical regions software to others who in turn desired to set up such billing services. Unfortunately, the national advertising program of defendant did not clearly distinguish for the benefit of the ultimate consumer its above-described method of marketing. Findably, the jury could find that there was a violation of CPA, but the evidence, considered in totality, does not support a finding that such violation was knowing and willful. Accordingly, there can be no enhancement of damages in this action.

As prevailing parties, plaintiffs are entitled to attorney fees pursuant to RSA 358:10. Counsel have already been advised to file a motion for such fees, accompanied by contemporaneous time records. When defendant has had the opportunity to respond

4

thereto, the court will turn to and resolve the issue of attorney fees.

SO ORDERED.

_____
Shane Devine, Senior Judge
United States District Court

October 24, 1996

cc: All Counsel