Hillsborough-northern judicial district
No. 99-547

ESTATE OF ROBERT T. TREMAINE BY NORMAN R. TREMAINE, EXECUTOR

v.

LORRAINE TREMAINE

July 31, 2001

*Bussiere & Bussiere, P.A.*, of Manchester (*Emile R. Bussiere, Jr.*, on the brief and orally), for the petitioner.

*Elizabeth Cazden*, of Manchester, by brief and orally, for the respondent.

## MEMORANDUM OPINION

BRODERICK, J. The respondent, Lorraine Tremaine, now known as Lorraine R. Savoie, appeals the order of the Superior Court (*Perkins*, J.) awarding the petitioner, the Estate of Robert T. Tremaine, the proceeds of Robert T. Tremaine's (decedent) Fleet Bank individual retirement account (IRA). We reverse.

The record reveals the following facts. The decedent and the respondent were married in 1988. Prior to the marriage, the decedent established an IRA at Fleet Bank. In December 1991, the decedent named the respondent as the beneficiary of the IRA. The parties divorced in 1997. The parties agreed to a permanent stipulation, which was incorporated into the divorce decree. Paragraph 10 of the permanent stipulation states:

> 10. **PENSIONS AND OTHER TAX DEFERRED AS-SETS:** Each party is awarded any interest in any pension, retirement, 401k, IRA or other retirement account that each one may have and as shown on her or his respective

Financial Affidavit, free and clear of any right, title, interest, or claim of the other.

Fleet Bank records indicate that after 1991 the decedent did not change the named beneficiary of the IRA. The decedent died on April 14, 1999.

Although both parties agree that prior to his death, the decedent had complete power over the IRA, both claim that they are entitled to the proceeds from the IRA account. Per court order, the proceeds were paid into an account at the superior court. The trial court ruled that "the specific reference to the parties' IRA accounts in the divorce decree unambiguously evidences an intent to extinguish [the respondent's] beneficiary status in the IRA account" at issue, and awarded the proceeds of the account to the decedent's estate.

On appeal, the respondent argues that the trial court erred in ruling that the divorce decree effectively extinguished her beneficiary interest in the decedent's IRA. She contends that: (1) the language of the divorce decree is not an express and unambiguous statement of intent as required by the *Dubois/Frederick* test, *see Estate of Frederick v. Frederick*, 141 N.H. 530, 532 (1996); *Dubois v. Smith*, 135 N.H. 50, 56 (1991); (2) the decedent's financial affidavit did not list the IRA, thus failing to give her notice of the rights she would be relinquishing; and (3) the decedent's estate's reliance on RSA 551:13 (Supp. 2000) is misplaced.

The interpretation of a divorce decree is a question of law which we review *de novo. See Frederick*, 141 N.H. at 531. It is not contested that, absent a controlling statute, divorce alone does not revoke an individual's status as a contractually designated beneficiary. *See Dubois*, 135 N.H. at 56. Rather, the decedent's estate argues that the clear terms of the divorce decree effectively terminated the respondent's interest in the IRA. The issue on appeal therefore is whether the trial court correctly ruled that the "free and clear of any right, title, interest, or claim" language incorporated in the divorce decree was legally sufficient to terminate the respondent's beneficiary interest.

■ Our case law states that "a divorce decree must unambiguously evidence an intent to remove a beneficiary in order to effectively alter an original designation under a[n IRA] contract." *Frederick*, 141 N.H. at 532. This is consistent with the general rule that to ensure the smooth transfer of funds following death, the policy holder has the burden of effecting the change of contractually designated beneficiaries during the policy holder's lifetime. *See id.* Therefore, "a divorce decree may only change a [contractual]

beneficiary designation when it expressly states that the parties intend such a result." *Id.*

    In construing a divorce decree, we look to the plain meaning of the words used in the document. *See In the Matter of Floros and Bell*, 145 N.H. 401, 403 (2000). In this case, each party was awarded "any interest in any . . . IRA" he or she had at the time of the divorce. At issue here is a beneficiary interest in an IRA. While it may be that the stipulation of the parties in the decree was intended to terminate the respondent's beneficiary interest in the petitioner's IRA, the language could be interpreted to mean that she was to retain her interest. Accordingly, the divorce decree fails to unambiguously change the beneficiary designation.

Because we decide this case in this manner, we need not reach the remaining arguments.

*Reversed.*

    BROCK, C.J., and NADEAU, DALIANIS and DUGGAN, JJ., concurred.