# THE STATE OF NEW HAMPSHIRE

## SUPREME COURT

**In Case No. 2014-0628, <u>In the Matter of Gabrielle Muller and William Muller</u>, the court on July 10, 2015, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case.  <u>See</u> <u>Sup. Ct. R.</u> 18(1).  We affirm in part, reverse in part, and remand.

The respondent, William Muller, appeals an order of the Circuit Court (<u>Sadler</u>, J.) finding that, following our opinion in <u>In the Matter of Muller & Muller</u>, 164 N.H. 512 (2013) (<u>Muller I</u>), his child support obligation "reverted to the level from the final Order: $257 per week effective August 2011," and directing the New Hampshire Division of Child Support Services to calculate his child support arrearage based upon that amount "from the effective date of the final Order in August 2011."  He argues that, because he timely appealed the August 2011 final decree, and because the trial court did not specifically order that the final decree would take effect during any timely appeal, the final decree did not take effect until we issued our mandate in <u>Muller I</u>.  We agree.

Unless the trial court specifically orders that a final decree of divorce take effect pending the resolution of any appeal, a timely-filed appeal will stay the decree from taking effect, and any previously-issued temporary orders will remain in effect during the appeal.  <u>Gray v. Kelly</u>, 161 N.H. 160, 167-68 (2010); <u>Rollins v. Rollins</u>, 122 N.H. 6, 10 (1982); <u>see</u> <u>also</u> <u>Fam. Div. R.</u> 2.29(B) (providing that if a timely appeal is filed from a final decree, the decree will not become final until the appeal period expires).  In the absence of an order requiring that the final decree take effect during the pendency of an appeal, a party cannot be ordered to make support payments pursuant to the terms of the decree during the appeal period, even if the decree is ultimately upheld on appeal.  <u>See</u> <u>Nicolazzi v. Nicolazzi</u>, 131 N.H. 694, 696-97 (1989).

At no point prior to the appeal in <u>Muller I</u> did the trial court order that the provisions of the final decree, including the Uniform Support Order incorporated in the decree, would take effect during any appeal.  <u>See</u> <u>Rollins</u>, 122 N.H. at 9 (noting that the trial court specifically ordered that the child support order contained within the final decree would "remain in force and effect pending" an appeal).  Indeed, in March 2012, while <u>Muller I</u> was pending, the trial court specifically rejected a request of the petitioner, Gabrielle Muller, to compute the respondent's child support arrearage in accordance with the support obligation imposed by the final decree, correctly reasoning that "upon

the filing of a timely appeal of a [final decree of divorce,] the relief granted by [the trial court] at the parties' Temporary Hearing controls" the obligor parent's continuing support obligation. To the extent that the trial court, in denying the respondent's motion for reconsideration, interpreted the March 2012 order as providing that the August 2011 decree would constitute a temporary order during the appeal, the trial court misconstrued the March 2012 order. See In the Matter of Salesky & Salesky, 157 N.H. 698, 702 (2008) (the interpretation of a trial court order is a question of law, which we review de novo).

Neither the provision of the Uniform Support Order stating that payments "shall begin . . . immediately," nor the standing order providing that the first payment would be due on the date that the support order was "signed by the Judge," changes the analysis. The Uniform Support Order was part of the final decree of divorce, and was necessarily subject to the appeal in Muller I. As a matter of law, therefore, the respondent's timely appeal in Muller I stayed the Uniform Support Order from taking effect. Gray, 161 N.H. at 168; Rollins, 122 N.H. at 10. Until the decree became final following our mandate in Muller I, the respondent was obligated to pay only the amount of support required by the temporary support order then in effect, see Gray, 161 N.H. at 167, which the trial court found to be $93 per week. We note that, following our opinion in Muller I, the trial court found, and neither party disputes, that the August 17, 2011 decree became final on January 29, 2013.

Accordingly, we reverse the trial court's order to the extent that it required the respondent to pay child support at the amount established by the August 17, 2011 decree for any period of time prior to January 29, 2013, and remand for further proceedings consistent with this order. All other aspects of the trial court's order, which neither party challenges on appeal, are affirmed.

Affirmed in part, reversed in part, and remanded.

Dalianis, C.J., and Conboy and Bassett, JJ., concurred.

**Eileen Fox,
Clerk**
