# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2014-0711, <u>In the Matter of Elizabeth Obrey and Thomas Obrey, Jr.</u>, the court on November 10, 2015, issued the following order:**

Having considered the briefs of the parties, the court concludes that a formal written opinion is unnecessary in this case.  Elizabeth Obrey (Wife) appeals orders of the Circuit Court (<u>Patten</u>, J.) that determined the date from which Thomas Obrey, Jr. (Husband) was obligated to pay alimony pursuant to the court's final decree of divorce.  The Husband cross-appeals the court's ruling regarding the starting date of his alimony obligation and also challenges the court's determination that the final decree imposed no obligation on the Wife to seek employment during the alimony period.  We affirm.

The following facts are derived from the record.  The trial court issued a divorce decree in September 2011.  Among other matters addressed in the decree, the court ordered the Husband to pay alimony for four years from the first day of the month after issuance of the decree.  The court awarded the Wife monthly alimony of $7,500 "for the first two years following the issuance of this Divorce Decree" and $3,500 monthly for the next two years.  Prior to issuance of the decree, the Husband had been paying alimony of $10,000 per month under a previously-issued temporary order.

In deciding upon the alimony award, the trial court imputed income to the Wife.  Specifically, it found that for the third and fourth year after the divorce, the Wife would have the ability to earn $50,000 annually and that, thereafter, she would have the ability to earn $100,000 per year.  The court found that "allowing [the Wife] four years to reach her prior maximum earning level is fair and appropriate."  The court also considered the Wife's potential future interest income earned from liquid assets received in the divorce, and the parties' marital lifestyle.

The Wife timely appealed the trial court's final decree.  In the appeal, she raised several issues, some of which related to alimony.  <u>See</u> <u>In the Matter of Elizabeth Obrey & Thomas Obrey, Jr.</u>, No. 2011-0825 (N.H. Nov. 9, 2012).  The appeal prevented the final decree from going into effect.  Instead, the prior temporary order remained in place, which had the effect of requiring the Husband to pay a greater amount in monthly alimony while the appeal was pending than he would have paid under the final decree.

While the appeal was pending, the Husband moved to have the terms of the final decree regarding alimony take effect immediately as a temporary order so that his monthly alimony payments would be lower. The Husband argued, in part, that the final decree calculated his alimony obligation from the date of its "issuance" rather than the date when the appeal period expired. The court denied the Husband's motion, and the Husband did not appeal that ruling.

On November 9, 2012, we affirmed the final decree in all respects except one: we remanded on the single issue of the Husband's obligation to contribute to the Wife's IRA account. Following remand, on January 8, 2013, the trial court resolved the IRA contribution issue, and neither party appealed the court's ruling. Hence that ruling became final. A certificate of divorce was issued on February 9, 2013.

In October 2013, the Husband reduced his alimony payments from $7,500 per month to $3,500 per month. He contended that two years had passed since the court issued its September 2011 final orders, thus triggering the reduction in his alimony obligation. This prompted the Wife to move for a finding of contempt against the Husband for not paying the full amount of alimony. She argued that alimony payments were to begin on March 1, 2013, which was the first day of the month after issuance of the February 2013 certificate of divorce. In turn, the Husband moved to find the Wife in contempt for failing to seek employment during the period of alimony.

Following a series of hearings, the trial court held that the alimony order "was issued and effective" on November 28, 2012, the date of this court's mandate affirming the alimony provisions of the final decree. The court also denied the Husband's motion, reasoning that the alimony award "was based on imputed income to [the Wife], regardless of whether or not she became employed and bettered herself. There is no prior order requiring [the Wife] to do specific things or engage in particular activities, within specific time frames regarding her employability and employment." This appeal and cross-appeal followed.

We first address the parties' arguments as to the effective date of the Husband's alimony obligation. The trial court held that the effective date was November 28, 2012, because this was the date that our mandate issued from the first appeal. The Wife disputes the trial court's interpretation of the applicable rules and law, while the Husband finds error in the court's interpretation of the decree. Because the Wife "alleges an error of law, we . . . review the trial court's legal conclusions de novo." Kelleher v. Marvin Lumber & Cedar Co., 152 N.H. 813, 830 (2005). Likewise, "[t]he interpretation of a divorce decree is a question of law which we review de novo." Estate of Tremaine v. Tremaine, 146 N.H. 674, 675 (2001).

2

We hold that the trial court correctly determined that November 28, 2012 — the date of this court's mandate from the first appeal — was the starting date for the Husband's alimony obligation under the final decree. The relevant circuit court rule states:

> In contested cases or upon the default of either party, where no post-decree motion has been filed, the decree will not become final until the thirty-first (31st) day from the date of the Clerk's notice of decision. If a timely appeal is filed, the decree will not become final until the expiration of the appeal period pursuant to Supreme Court Rule 7. If a timely post-decree motion is filed, and there is no appeal taken, the decree becomes final thirty (30) days from the Court's action on the post-decree motion.

Fam. Div. R. 2.29(B). The rule contemplates three possible scenarios after the court issues a decree. The parties might not file any appeal or post-decree motion; they might file an appeal; or they might file a post-decree motion.

Here, the Wife filed an appeal after the court issued its decree. Therefore, the decree did "not become final until the expiration of the appeal period pursuant to Supreme Court Rule 7." Id. The appeal period did not expire until this court issued its mandate. State v. Gubitosi, 153 N.H. 79, 82 (2005) ("The general rule is that the date of the mandate, not the date of the issuance of the decision, is the effective date of an appellate court's decision, that the mandate is the order and that the court's opinion merely gives the reason supporting the order." (quotation omitted)). Because we issued our mandate on November 28, 2012, the trial court was correct in ruling that this was the effective date of the decree as it related to alimony.

The Wife argues that the trial court erred when it "bifurcated" the divorce decree by treating the alimony obligation as final as of the date of our mandate, before the IRA issue had been resolved on remand. However, we have recognized that the provisions of a divorce decree can take effect at different times. See Rollins v. Rollins, 122 N.H. 6, 9 (1982). In Rollins, we held that part of an appealed divorce decree would become final upon issuance of our mandate, but that the property distribution portion of the decree would not become final until the trial court resolved matters that were the subject of the remand. Id. Similarly, here the parties' divorce decree became final with respect to the Husband's alimony obligation when our mandate issued on November 28, 2012, notwithstanding that we remanded for further proceedings before the trial court with respect to the single issue of IRA contributions.

The Wife argues that a certificate of divorce that she obtained from the New Hampshire Bureau of Vital Statistics establishes the effective date of the decree. Line 23b of the form lists the "Date Decree Becomes Final" as "2/9/2013." The form apparently does not contemplate the possibility of

3

provisions of a divorce decree becoming final at different times. However, we are not bound by this, and our precedent in Rollins, not the form, controls the outcome here. Cf. In the Matter of Regan & Regan, 164 N.H. 1, 7 (2012) (declining to alter our interpretation of child support statutes based on the content of the Family Division's "Uniform Support Order" form).

The Wife next argues that the trial court's decision as to the effective date of its alimony order contradicts RSA 458:19, III, which states: "Upon a decree of nullity or divorce, or upon the renewal, modification, or extension of a prior order for alimony, the court may order alimony to be paid for such length of time as the parties may agree or the court orders." RSA 458:19, III (2004). Under the Wife's interpretation, the trial court erred by finding that the alimony obligation began in November 2012, before the divorce was "finalized" in February 2013. However, no such timing problem exists in the trial court's orders, and there is no inconsistency between the court's ruling and RSA 458:19. The court ruled that the divorce decree and alimony obligation were effective at the time our mandate issued in November 2012, and we have affirmed the court's ruling.

The Wife next contends that the trial court lacked any authority to "modify the effective date" of the decree, "which had already been interpreted by this Court and had become final." Because the parties disagreed about the effective date, the trial court could not rule on their motions without deciding the effective date. In doing so, it did not "modify" the effective date, but rather correctly applied the relevant rules and law to discern it.

The Wife also argues that the trial court incorrectly defined the appeal period given our prior statements in Nicolazzi v. Nicolazzi, 131 N.H. 694 (1989). The Wife interprets our recital of facts in Nicolazzi as a rule of law for what constitutes an "appeal period"; however, we do not agree with her interpretation. The Wife emphasizes a portion of Nicolazzi in which we said: "The entire appeal period, which included a hearing on remand and a second, but untimely, appeal by Mr. Nicolazzi, ended . . . when we denied Mr. Nicolazzi's motion to reconsider dismissal of the second untimely appeal." Id. at 695. Our opinion in Nicolazzi does not fully explain what issue was heard on remand, nor what the husband argued in his untimely second appeal. The opinion likely omits such details because they were immaterial to the issue in that case — the trial court's discretion to set alimony during an appeal. See id. at 696. Regardless of the facts presented in Nicolazzi, here we find that the appeal period for alimony ended when we issued our mandate.

Finally, the Wife contends that the trial court ignored the meaning of the word "after," because the September 2011 orders did not provide for alimony until after issuance of the divorce decree. Because we have decided that the divorce and its alimony provisions became final at the same time in November

2012, the Husband's obligation to pay alimony pursuant to the final decree became operative "after" November 2012, as the trial court found.

The Husband's argument about the effective date centers on the trial court's interpretation of the decree. He claims that the court erred by using the terms "issuance" and "effective date" interchangeably. Under the Husband's interpretation, a strict reading of the decree reveals that his alimony obligation began at the "issuance" of the divorce decree in September 2011, even though the decree was not yet "effective" on that date because of the Wife's appeal. The Husband asserts that his interpretation is more consistent with the intent of the issuing court and with the decree's use of the terms "issuance" and "effective."

The Husband's distinction between the terms "issuance" and "effective" does not compel a result different from the trial court's ruling. The final decree was issued in September 2011 and would have become effective 31 days later had the Wife not appealed. However, "a timely appeal will prevent the trial court's final decree from going into effect, and the temporary decree would remain in effect while the appeal is pending." Sup. Ct. R. 7-A cmt.; see Rollins, 122 N.H. at 10.

While the first appeal was pending, the Husband filed a motion requesting that the trial court make the final decree's alimony provisions applicable as amended temporary orders during the appeal. Exercising its discretion, the court denied this motion in May 2012. "We explicitly acknowledge the trial court's discretion in setting the levels of alimony and child support to be paid during appeal, and similarly grant that court broad discretion in awarding and modifying alimony and child support generally." Nicolazzi, 131 N.H. at 696 (citations omitted). The Husband did not appeal the May 2012 order, and it is too late for him to seek review of that order in the context of this appeal.

We now turn to the second issue raised by the Husband on cross-appeal. He argues that the trial court committed plain error by refusing to hold the Wife in contempt based on its conclusions that the September 2011 final orders imposed no requirement for the Wife to seek or obtain employment. "Our interpretation of a trial court order is a question of law, which we review de novo." State v. Kay, 162 N.H. 237, 242 (2011).

Although the court, in its decree, advised the Wife to update her employment skills and seek employment, it did not impose specific requirements or deadlines. After setting forth its order on child support, the court stated that "[t]he balance of [the Wife's] stated needs shall be covered by alimony in the first instance, and thereafter by her earnings, either real or imputed." By using the word "or," the decree acknowledged that the Wife might have only imputed income. This interpretation is consistent with the

5

schedule for alimony and imputed income found in the subsequent paragraphs of the decree.  Therefore, we find no error in the court's denial of the Husband's motion for contempt.

<u>Affirmed</u>.

DALIANIS, C.J., and HICKS, CONBOY, LYNN, and BASSETT, JJ., concurred.

**Eileen Fox,
Clerk**