# THE STATE OF NEW HAMPSHIRE

## SUPREME COURT

**In Case No. 2018-0560, <u>In the Matter of Tanya Braga-Pillsbury and Mickey Pillsbury</u>, the court on March 14, 2019, issued the following order:**

To the extent that the respondent requests in his brief that we find the petitioner's previous appeal of the trial court's final order frivolous and impose penalties pursuant to RSA 490:14-a (2010), his requests are untimely.

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The respondent, Mickey Pillsbury (husband), appeals an order of the Circuit Court (<u>Yazinski</u>, J.) granting a motion for reconsideration by the petitioner, Tanya Braga-Pillsbury (wife), in connection with the parties' divorce. He contends that the trial court erred by concluding that its temporary order regarding alimony remained in force during the pendency of the wife's prior appeal of its final decree. We will uphold a trial court's decision on a motion for reconsideration absent an unsustainable exercise of discretion. <u>In the Matter of Geraghty & Geraghty</u>, 169 N.H. 404, 419 (2016).

In this case, the parties agree that the trial court issued a temporary order requiring the husband to pay the wife alimony. On January 9, 2017, the husband moved to modify or eliminate alimony. On September 25, 2017, the trial court issued final orders that provided for no alimony. The trial court did not rule upon the husband's motion to eliminate alimony from the temporary order. Nor did the trial court rule that the final order would become the temporary order upon any appeal.

On November 13, 2017, the wife filed a notice of appeal with this court. On December 13, 2017, the husband moved, in the trial court, to make the final decree a temporary order during the pendency of the appeal; the trial court denied the motion on January 3, 2018. On May 3, 2018, the husband moved in the trial court for a ruling regarding alimony, and, on June 28, 2018, the trial court granted his motion to terminate temporary alimony. On July 26, 2018, the trial court granted the wife's motion to reconsider and reinstated the temporary alimony on the basis that the appeal deprived it of jurisdiction.

The wife's notice of appeal raised 15 questions, including at least one regarding the final order's lack of alimony and several regarding the division of

marital property. Her brief, however, addressed only the division of marital property. The husband did not cross-appeal. On July 26, 2018, we affirmed.

Ordinarily, a temporary order remains in effect during the pendency of any appeal of a final divorce decree, unless the trial court specifically orders that the final decree should take effect during the pendency of any appeal. Gray v. Kelly, 161 N.H. 160, 167 (2010); Fam. Div. R. 2.29(B)(4) (stating that if appeal filed, temporary and alimony orders continue in effect at least until this court issues mandate). While, in appropriate cases, a trial court may order that a final decree shall take effect during the pendency of an appeal, the general rule remains that timely appealing a trial court's final order stays it from taking effect. Gray, 161 N.H. at 167-68.

After an appeal has been perfected, this court is vested with the exclusive jurisdiction over the subject matter of the proceedings, and the trial court's control over the proceeding is suspended. Rautenberg v. Munnis, 107 N.H. 446, 447 (1966). The trial court is limited to acting upon collateral, subsidiary, or independent matters affecting the case and preserving the status quo. Id. at 448; cf. Rollins v. Rollins, 122 N.H. 6, 10 (1982) (stating party's recourse regarding orders in effect during appeal is to obtain stay of order in trial court or supreme court); Sup. Ct. R. 7-A (governing motion to stay trial court order during appeal).

The husband argues that because the wife did not brief any argument concerning the lack of alimony in the trial court's final order, that alimony was "never appealed at all." However, he does not cite, nor are we aware of, any authority establishing that a trial court retains piecemeal jurisdiction over issues not raised in an appeal during the appeal's pendency. To the extent that the husband argues that "[i]t is reasonable to assume that the lower court would have put the final orders in effect pending appeal if it had known that" the wife was not going to brief any issues regarding the lack of alimony on appeal, he provides no support for this speculation. Furthermore, the record does not reflect that prior to the wife's appeal the husband requested that the trial court make its final decree a temporary order pending an appeal.

The husband argues that the trial court had broad discretion in awarding alimony. However, it has no authority to act beyond its jurisdiction during an appeal. See Rautenberg, 107 N.H. at 448.

We conclude that the trial court did not unsustainably exercise its discretion when it granted the wife's motion to reconsider. See Geraghty, 169 N.H. at 419. In light of this order, we decline the husband's request that "he be excused" from paying the alimony due under the temporary order during the pendency of the wife's appeal. To the extent that the husband invites us to "clarify" our opinion in Rollins, we see no need to do so.

Any remaining issues raised by the husband in his brief are not sufficiently developed, <u>see</u> <u>State v. Blackmer</u>, 149 N.H. 47, 49 (2003), or otherwise do not warrant further discussion, <u>see</u> <u>Vogel v. Vogel</u>, 137 N.H. 321, 322 (1993).

<u>Affirmed</u>.

Lynn, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Eileen Fox,**
**Clerk**
